# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHARLES C. SPIELMAN aka CHRIS SPIELMAN, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>vs.<br><br>IMG COLLEGE, LLC, et al.,<br><br>    *Defendants*. | CASE NO. 2:17-CV-00612-MHW-KAJ<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE KIMBERLY A. JOLSON<br><br>**STIPULATION AND ORDER FOR THE PROVISION OF CONFIDENTIAL INFORMATION** |

WHEREAS, the parties to the above-captioned action (the "Litigation"), by and through their undersigned counsel, are engaged in a voluntary exchange of information not subject to the discovery rules, and receiving information from each other and third parties for the purpose of understanding the dispute; and

WHEREAS, that exchange and receipt will involve the provision of certain information that one or more of the parties to the Litigation (the "Parties," each a "Party") and/or others believe to be confidential and sensitive information;

IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") shall govern the handling of information exchanges of all kinds ("Disclosed Material") by any Party or non-Party providing Disclosed Material (each a "Providing Party") to a Party to this action (a "Receiving Party") related in any way to this Litigation during the pendency thereof.

1. Any Providing Party may designate any Disclosed Material as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation if such Providing Party reasonably believes in good faith that such Disclosed Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Disclosed Material").

2. The designation of Disclosed Material as Confidential Disclosed Material or Confidential – Attorneys' Eyes Only Disclosed Material shall be made in the following manner:

   A. In the case of documents or other materials: (i) by affixing the legend "Confidential" or "Confidential – Attorneys' Eyes Only" to each page containing any Confidential Disclosed Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Confidential – Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Confidential – Attorneys' Eyes Only" to the media containing the Confidential Disclosed Material (e.g., CD-ROM, floppy disk, DVD).

   B. In the case of oral information disclosure, by written notice, sent to all Parties before or within 5 business days after the disclosure.

   C. In the case of any other Disclosed Material, by written notice that the Disclosed Material constitutes Confidential or Confidential – Attorneys' Eyes Only Disclosed Material.

3. The designation of Disclosed Material as Confidential or Confidential – Attorneys' Eyes Only Disclosed Material shall constitute a representation that such material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4. Inadvertent failure to designate Disclosed Material as Confidential or Confidential – Attorneys' Eyes Only Disclosed Material shall not constitute a waiver of such claim and may be corrected. A Providing Party may designate as Confidential or Confidential – Attorneys' Eyes Only any Disclosed Material that has already been produced, including Disclosed Material that the Providing Party inadvertently failed to designate as such, (i) by notifying in writing the Party to whom the production has been made that the Disclosed Material constitutes Confidential or Confidential Attorneys' Eyes Only Disclosed Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Disclosed Material so designated as Confidential or Confidential – Attorneys' Eyes Only Disclosed Material, and such Disclosed Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Disclosed Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Disclosed Material prior to its designation as Confidential or Confidential – Attorneys' Eyes Only shall exercise its best efforts (i) to ensure the return or destruction of such Disclosed Material, (ii) to ensure that any documents or other materials derived from such Disclosed Material are treated as if the Disclosed Material had been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" when originally produced, (iii) to ensure that such Disclosed Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Disclosed Material, and any information derived therefrom, is used solely for the purposes authorized by the express terms of this Stipulation and Order. To the extent that disclosures are

sought or made concerning Confidential or Confidential – Attorneys' Eyes Only Disclosed Material during mediation or in any other pre-trial venue, any Party may exclude any person from the venue if the Confidential or Confidential – Attorneys' Eyes Only Disclosed Material may not be disclosed to such person under the terms of this Stipulation.

5. Confidential Disclosed Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A. The Parties and the officers and employees of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the conduct of the Litigation for use in accordance with this Stipulation;

    B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

    C. Subject to Paragraph 7, outside experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D. Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

E. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of the Providing Party who provided the Disclosed Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6. Material designated as "Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation, solely for the purpose of assisting with the Litigation and in accordance with this Stipulation, and only after signing an undertaking in the form attached as Exhibit A hereto.

B. Subject to Paragraph 7, outside experts or consultants who are not employed by or affiliated with a Party, assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services), solely for the purpose of assisting with the Litigation, and only after signing an undertaking in the form attached as Exhibit A hereto;

C. Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct depositions or testimony in this Litigation (all preparation for testimony instead to be governed by Subparagraph E(ii) hereof);

D. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

E. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Disclosed Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7. Notwithstanding Paragraph 5(C) and 6(B) above, Confidential and Confidential – Attorneys' Eyes Only Disclosed Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Disclosed Material solely in connection with this

Litigation, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential or Confidential – Attorneys' Eyes Only Disclosed Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Providing Party, or who is providing services to any of the foregoing, be provided access to Confidential and Confidential – Attorneys' Eyes Only Disclosed Material absent further order of the Court or consent of the Providing Party.  "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

8. Notwithstanding Paragraph 5(D) and 6(C) above, Confidential Disclosed Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.  Counsel for the Party showing Confidential or Confidential – Attorneys' Eyes Only Disclosed Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Disclosed Material shall be used solely for purposes of this Litigation and shall not be provided to any other person or used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however,

that the foregoing shall not apply to Disclosed Material that is or becomes part of the public record without disclosure by a Receiving Party.

10. Every person to whom Disclosed Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Disclosed Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

11. Before filing with the Court any pleading, brief, memorandum, motion, letter, affidavit, or other document that discloses, summarizes, describes, characterizes or otherwise communicates or contains Confidential or Confidential – Attorneys' Eyes Only Disclosed Material, a Receiving Party shall redact the document and seek leave of Court to file an unredacted version under seal pursuant to Local Rule 5.2.1. The Providing Party shall have the opportunity to support the motion for filing under seal and to argue, in the alternative, that the information related to the Disclosed Material should not be filed..

12. During the pendency of this Litigation, any Party objecting to the designation of any Disclosed Material or testimony as Confidential or Confidential – Attorneys' Eyes Only Disclosed Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Disclosed Material or testimony in question shall be treated as Confidential or Confidential – Attorneys' Eyes Only Disclosed Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burden of proof, including the burden of establishing that any Disclosed Material validly constitutes Confidential or Confidential – Attorneys' Eyes Only

Disclosed Material, which burden remains on the Party that designates such Disclosed Material or testimony as Confidential or Confidential – Attorneys' Eyes Only.

13. The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Disclosed Material or to modify the terms of this Stipulation.

14. Entering into this Stipulation, or agreeing to and/or providing or receiving Disclosed Material or otherwise complying with the terms of this Stipulation, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, (ii) object to the production of documents or information its considers not subject to discovery, or (iii) object to the commencement of formal discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Disclosed Material;

    C. Operate as an admission by any Party that any particular Disclosed Material constitutes Confidential or Confidential – Attorneys' Eyes Only Disclosed Material or contains or reflects trade secrets or any other type of confidential information;

    D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Confidential – Attorneys' Eyes Only Disclosed Material, or (ii) seek a determination by the Court whether any Disclosed Material or Confidential or Confidential – Attorneys' Eyes Only Disclosed Material should be subject to the terms of this Stipulation;

    E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Disclosed Material;

F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G. Preclude any Party from objecting to discovery that it believes to be otherwise improper;

H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege; or

I. Preclude any party from asserting that it should be dismissed from the case for lack of personal jurisdiction or otherwise; the signing of this Stipulation and Order, and the Court's entry of this Stipulation and Order is not a consent to jurisdiction by any party.

15. If Disclosed Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertently Disclosed Material") is inadvertently provided to that Party or Parties, such inadvertent provision shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

A. A claim of inadvertent production shall constitute a representation by that Providing Party that the Inadvertently Disclosed Material has been reviewed by an attorney for such Providing Party and that there is a good-faith basis for such claim of inadvertent production.

B. If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Disclosed Material then in the custody of another Party, the Party

possessing the Inadvertently Disclosed Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertently Disclosed Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertently Disclosed Material and all copies thereof (including summaries and excerpts) to counsel for the Providing Party, or destroy all such claimed Inadvertently Disclosed Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertently Disclosed Material for any purpose until further order of the Court.

       C.     A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Disclosed Material in question shall be treated as Inadvertently Disclosed Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

16.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

17.    In the event additional Parties appear, join, or are joined in this Litigation, they shall not have access to Confidential or Confidential – Attorneys' Eyes Only Disclosed Material until the newly appearing or joined Party by its counsel has executed and provided to the Providing Party its agreement to be fully bound by this Stipulation.

18. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

19. Subject to the requirements any applicable rule of the Court, the provisions of this Stipulation shall, absent written permission of the Providing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

20. Prior to any court proceeding or mediation in which Confidential or Confidential – Attorneys' Eyes Only Disclosed Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Disclosed Material.

21. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential or Confidential – Attorneys' Eyes Only Disclosed Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Providing Party, all persons having received Confidential or Confidential – Attorneys' Eyes Only Disclosed Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Providing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Confidential – Attorneys' Eyes Only Disclosed Material, and certify to that fact in writing to counsel for the Providing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Confidential – Attorneys' Eyes Only Disclosed Material), provided

that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Confidential – Attorneys' Eyes Only Disclosed Material) to any person except pursuant to a court order or agreement by the Providing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

22. If any person in possession of Disclosed Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Disclosed Material produced or designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by a Providing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Providing Party (or Providing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Confidential – Attorneys' Eyes Only Disclosed Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Confidential – Attorneys' Eyes Only Disclosed Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Providing Party. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential or Confidential – Attorneys' Eyes Only Disclosed Material will not constitute a violation of this Stipulation.

23. No Receiver shall reveal any Disclosed Material, or the information contained therein, to anyone not entitled to receive such Disclosed Material under the terms of this

Stipulation. In the event that Disclosed Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Confidential – Attorneys' Eyes Only Disclosed Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Providing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential or Confidential – Attorneys' Eyes Only Disclosed Material by each unauthorized person who receives the information.

24. The Parties agree that the provision of any Disclosed Material by any non-Party shall be subject to and governed by the terms of this Order.

IT IS SO ORDERED.

Date: May 18, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

   */s/ Gregory J. Phillips*
JOSEPH A. CASTRODALE (0018494)
GREGORY J. PHILLIPS (0077601)
JAMES E. VON DER HEYDT (0090920)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jcastrodale@beneschlaw.com
gphillips@beneschlaw.com
jvonderheydt@beneschlaw.com

NICHOLAS J. SECCO (*pro hac vice*)
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: (312) 212-4955
nsecco@beneschlaw.com

*Attorneys for Defendants IMG College, LLC; IMG Worldwide, Inc.; WME Entertainment; International Management Group; Ohio State Sports Marketing*

/s/ Brian K. Duncan
Brian K. Duncan (0080751)
BKD LEGAL, LLC
119 East Granville Street
Sunbury, OH 43074
Tel: 740.965.1347
Fax: 614.386.0410
Email: bduncan@bkdlegal.com;

*Trial Attorney for Plaintiff Charles C. Spielman, on behalf of himself and all others similarly situated*

/s/ Gregory P. Barwell
Gregory P. Barwell (0070545)
Wesp Barwell LLC
100 E. Broad Street, Suite 2350
Columbus, OH 43215
Tel. and Fax: 614.456.0488
Email: gbarwell@wesplaw.com

/s/ *Samir B. Dahman* (by email consent)
Samir B. Dahman (0082647)
Alexis V. Preskar (0095619)
KOHRMAN JACKSON & KRANTZ LLP
10 West Broad Street, Suite 1900
Columbus, OH 43215
Tel: 614.427.5750
Fax: 216.621.6536
Email: sbd@kjk.com; avp@kjk.com

*Co-counsel for Plaintiff Charles C. Spielman, on behalf of himself and all others similarly situated*