UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES C. SPIELMAN,
on behalf of himself and all others
similarly situated,

        Plaintiffs,

v.

        Civil Action 2:17-cv-612
        Judge Michael H. Watson
        Magistrate Judge Jolson

IMG COLLEGE, LLC, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant The Ohio State University's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF No. 14, Defendant IMG's[1] Motion to Dismiss, ECF No. 22, Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter*, ECF No. 29, Plaintiffs' and Defendant The Ohio State University's Joint Motion for Misjoinder of Defendant The Ohio State University, ECF No. 59, and Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62.

For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN**

---

[1] IMG College, LLC [dba and/or otherwise known as and/or affiliated with WME Entertainment, also known as IMG Worldwide, Inc., dba IMG dba International Management Group dba Ohio State IMG Sports Marketing (collectively, "IMG" or "IMG/WME").

**PART AS MOOT** Defendant The Ohio State University's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF No. 14, **DENIES AS MOOT** Defendant IMG's Motion to Dismiss, ECF No. 22, **DENIES AS MOOT** Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter*, ECF No. 29, **DENIES AS MOOT** Plaintiffs' and Defendant The Ohio State University's Joint Motion for Misjoinder of Defendant The Ohio State University, ECF No. 59. The parties are **ORDERED** to submit a proposed schedule for supplemental briefing on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62. Discovery remains **STAYED** pending a ruling on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*.

## I. BACKGROUND

Plaintiffs are a proposed class of former Ohio State University ("OSU") football players. They maintain that Defendants exploited and illegally used their names, images, and likenesses for profit over a number of years. In their initial Complaint, ECF No. 1, Plaintiffs alleged that Defendants and certain co-conspirators engaged in a scheme to restrain trade and profit from their names, images, and likenesses. More specifically, Plaintiffs alleged that Defendant OSU entered into licensing agreements, by and through Defendant IMG, to use their names, images, and likenesses in photos, advertising, and merchandise. *Id.* at ¶ 5. Plaintiffs contend that they did not consent to or authorize Defendants' use of their names, images, or likenesses in this manner, and they have not received any compensation for Defendants' use of the same. *Id.*

Plaintiffs filed their First Amended Complaint, ECF No. 7, on July 26, 2017. Defendants OSU and IMG subsequently filed motions to dismiss, ECF Nos. 14, 22. Defendant OSU argued that, due to the Eleventh Amendment and sovereign immunity, the Court lacked jurisdiction to adjudicate Plaintiff's claims. ECF No. 14 at 2–6. OSU additionally asserted that Plaintiffs' federal causes of action failed to state a claim under Rule 12(b)(6). *Id.* at 6–19. In turn, Defendant IMG argued that the case should be dismissed because (i) Defendant OSU was an indispensable party without whom the action could not proceed, and (ii) Plaintiffs' First Amended Complaint failed to state a claim upon which relief could be granted. ECF No. 22. On November 28, 2017, Plaintiffs filed a Motion for Leave to File A Second Amended Complaint Instanter. ECF No. 29. Defendants opposed that motion (at least in part). *See* ECF Nos. 34, 35.

The case then took a different turn. At the Court's request, the parties engaged in settlement negotiations and participated in a mediation. *See* ECF Nos. 50–58, 60.

Relevant here, on August 14, 2018, Plaintiffs and Defendant OSU filed a Joint Motion for Misjoinder of Defendant OSU. ECF No. 59. Shortly thereafter, Plaintiffs filed the present Motion on August 30, 2018. Plaintiffs' proposed Third Amended Complaint identifies the following individuals and entities as defendants:

- IMG College, LLC, IMG Worldwide, Inc., WME Entertainment, dba IMG, dba International Management Group, dba Endeavor LLC,

- Endeavor LLC,
- Honda of America Mfg., Inc.,
- Raymond DeWeese, and
- John Does 1-10.

ECF No. 62-1 at ¶¶ 8–12. Plaintiffs do not, however, include OSU as a proposed defendant. *See id*.

Plaintiffs now allege that the proposed defendants exploited and illegally used their names, images, and likenesses for profit over a period of approximately six years through an advertising campaign in Ohio Stadium. *Id.* at ¶¶ 22–37. Specifically, Plaintiffs assert that IMG, Honda, and Ray DeWeese "created and hung larger-than-life-banners featuring [their] names, images, and likenesses and the Honda logo around Ohio Stadium (the 'Banner Program')." *Id.* at ¶ 22. Allegedly, IMG, Honda, and Ray DeWeese did this without Plaintiffs' consent and without compensating Plaintiffs. *Id.* at ¶¶ 32, 35.

The parties have completed briefing on the pending motions. Except for Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62, the motions are now ripe for resolution. As for that Motion, ECF No. 62, the Court concludes that additional briefing is necessary.

## II. ANALYSIS

### A. Defendant OSU's Motion to Dismiss, ECF No. 14, and Joint Motion for Misjoinder of Defendant OSU, ECF No. 59.

Defendant OSU argues that Plaintiffs' claims against it are barred by

sovereign immunity and must be dismissed under Rule 12(b)(1). ECF No. 14 at 2-8. Its Motion is effectively unopposed. *See* ECF No. 29 at 4 (Plaintiffs acknowledging that Defendant OSU should be dismissed as a defendant); ECF No. 59 (Joint Motion for Misjoinder); ECF No. 64 at 2 (Defendant IMG, asserting, "OSU is immune from federal jurisdiction, and should be dismissed from the case")). The Court agrees and **GRANTS IN PART AND DENIES IN PART AS MOOT** Defendant The Ohio State University's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF No. 14. Specifically, the Court grants Defendant OSU's Motion to Dismiss under Rule 12(b)(1) and dismisses Defendant OSU from the case. This dismissal is without prejudice. *See Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case."). The Court denies as moot the remaining portion of Defendant OSU's Motion. Further, the Court **DENIES AS MOOT** Plaintiffs' and Defendant The Ohio State University's Joint Motion for Misjoinder of Defendant The Ohio State University, ECF No. 59.

### B. Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62, and Motion for Leave to File a Second Amended Complaint *Instanter*, ECF No. 29.

Given the Rules' liberal policy in favor of amendments, the Court is inclined to grant Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*. However, Defendant IMG presents a futility argument that must be addressed. *See* ECF No. 68 at 1–7. Defendant IMG's futility argument relies on its previous

briefing from its Motion to Dismiss, ECF No. 22, concerning Plaintiffs' First Amended Complaint. Because of the factual and legal differences between the First Amended Complaint, ECF No. 7, and the proposed Third Amended Complaint, ECF No. 62-1, the Court needs additional briefing regarding Defendant IMG's futility argument before ruling on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*. Specifically, the Court needs the parties to address why OSU is—or is not—a necessary or indispensable party to the lawsuit Plaintiffs now intend to pursue. In other words, the parties need to focus on the allegations in the Third Amended Complaint and not stale allegations in this matter.

Therefore, the parties are **ORDERED** to submit a proposed schedule for supplemental briefing on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62. Discovery remains **STAYED** pending a ruling on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*. Finally, the Court **DENIES AS MOOT** Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter*, ECF No. 29.

### C. Defendant IMG's Motion to Dismiss, ECF No. 22.

As explained, at issue now are the allegations in Plaintiffs' proposed Third Amended Complaint. Because Defendant IMG's Motion to Dismiss concerns Plaintiffs' First Amended Complaint, the Court **DENIES AS MOOT**, subject to reactivation, Defendant IMG's Motion to Dismiss, ECF No. 22. In the event the Magistrate Judge denies Plaintiffs' Motion for Leave to File a Third Amended

Complaint *Instanter*, the Court will reactivate ECF No. 22.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART AS MOOT** Defendant The Ohio State University's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF No. 14, **DENIES AS MOOT** Defendant IMG's Motion to Dismiss, ECF No. 22, **DENIES AS MOOT** Plaintiffs' Motion for Leave to File a Second Amended Complaint *Instanter*, ECF No. 29, **DENIES AS MOOT** Plaintiffs' and Defendant The Ohio State University's Joint Motion for Misjoinder of Defendant The Ohio State University, ECF No. 59. The parties are **ORDERED** to submit a proposed schedule for supplemental briefing on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*, ECF No. 62, **by September 28, 2018**.  Discovery remains **STAYED** pending a ruling on Plaintiffs' Motion for Leave to File a Third Amended Complaint *Instanter*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**