## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Charles C. Spielman,

    Plaintiff,

    v.                             Case No. 2:17-cv-612

IMG College, LLC, *et al.*,         Judge Michael H. Watson

    Defendants.              Magistrate Judge Jolson

### OPINION AND ORDER

Plaintiff Charles C. Spielman ("Plaintiff") moves to amend his Complaint for a third time.  Mot. to Amend, ECF No. 62.  Defendant IMG[1] opposes the motion, arguing that the amendment would be futile because it removes a required and indispensable party to the case.  Resp., ECF No. 73.  For the reasons that follow, Spielman's motion to amend is **DENIED**.

### I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit individually and on behalf of a proposed class of former football players at The Ohio State University ("OSU").  He originally named OSU and IMG as Defendants and maintained that they exploited and illegally used the former players' names, images, and likenesses ("NILs") for profit over a number of years.  Compl., ECF No. 1.  In the initial Complaint,

---

[1] As identified in Plaintiff's First Amended Complaint as: IMG College, LLC dba and/or otherwise known as and/or affiliated with WME Entertainment, also known as IMG Worldwide, Inc., dba IMG dba International Management Group dba Ohio State IMG Sports Marketing (collectively, "IMG" or "IMG/WME").

Plaintiff also alleged that IMG, OSU, and certain co-conspirators engaged in a scheme to restrain trade and profit from the former players' NILs. More specifically, Plaintiff alleged that OSU entered into licensing agreements, by and through IMG, to use former player NILs in photos, advertising, and merchandise. *Id.* at ¶ 5. Plaintiff contends that he and the other players did not consent to or authorize OSU's and IMG's use of their NILs in this manner, and they have not received any compensation for the use of the same. *Id.*

Plaintiff filed a First Amended Complaint ("FAC"), ECF No. 7, on July 26, 2017. That Complaint names as Defendants: OSU; IMG and its affiliates; as well as ten unidentified "John Does" and unidentified "ABC Companies." *Id.* OSU and IMG subsequently moved to dismiss, ECF Nos. 14, 22. OSU argued that, because it was entitled to sovereign immunity, the Court lacked jurisdiction to adjudicate Plaintiff's claims against it. Mot. 2–6, ECF No. 14. OSU additionally asserted that Plaintiffs' federal causes of action failed to state a claim under Rule 12(b)(6). *Id.* at 6–19. In turn, IMG argued that the case should be dismissed because (i) OSU was an indispensable party without whom the action could not proceed, and (ii) Plaintiff's First Amended Complaint failed to state a claim upon which relief could be granted. ECF No. 22.

On November 28, 2017, Plaintiff moved for leave to file a second amended complaint. ECF No. 29. IMG and OSU opposed that motion (at least in part). *See* ECF Nos. 34, 35.

Then, litigation was put on hold so that the parties could engage in settlement negotiations and participate in mediation. *See* ECF Nos. 50–58, 60.

On August 14, 2018, Plaintiff and OSU jointly moved to dismiss OSU due to misjoinder. ECF No. 59. Having thus agreed to dismiss OSU as a party to this lawsuit, Plaintiff moved for leave to file third amended complaint (even though the Court had not granted Plaintiff leave to file his second amended complaint) to add new Defendants and remove OSU. Plaintiff identifies the following individuals and entities as proposed defendants in the Proposed Third Amended Complaint ("PTAC"): IMG College, LLC, IMG Worldwide, Inc., WME Entertainment, dba IMG, dba International Management Group, dba Endeavor LLC; Endeavor LLC, Honda of America Mfg., Inc., Raymond DeWeese, and John Does 1-10. PTAC, ECF No. 62-1 at ¶¶ 8–12.

Plaintiff's allegations are not vastly different from those in the original complaint, although they are narrower in scope. He now alleges that the proposed defendants exploited and illegally used the players' NILs for profit over a period of approximately six years through an advertising campaign in Ohio Stadium. *Id.* at ¶¶ 22–37. Specifically, Plaintiff asserts that IMG, Honda, and Ray DeWeese "created and hung larger-than-life-banners featuring [their] names, images, and likenesses and the Honda logo around Ohio Stadium (the 'Banner Program')." *Id.* at ¶ 22.[2] IMG, Honda, and Ray DeWeese allegedly did

---

[2] Although not apparent from the allegations in the PTAC, it is presumed that the banners at issue are the same ones attached in the Amended Complaint, ECF No. 7-1,

this without compensating or obtaining the former players' consent. *Id.* at ¶¶ 32, 35.

On September 24, 2018, this Court granted OSU's original motion to dismiss the Amended Complaint under Rule 12(b)(1). Op. and Order 5, ECF No. 69. This ruling rendered moot Plaintiff and OSU's joint motion to dismiss for misjoinder. *Id.* The Court also denied as moot Plaintiff's motion for leave to file a second amended complaint. *Id.* at 6. The Court ordered further briefing on Plaintiff's motion to file a third amended complaint to address whether OSU is a necessary and indispensable party to the latest iteration of the Complaint. *Id.* at 6. Finally, the Court denied IMG's motion to dismiss the Amended Complaint as moot, subject to reactivation, pending a decision on the third motion to amend. *Id.*

Thereafter, the parties submitted further briefing on Spielman's third motion to amend, which is now ripe for review. In connection with that briefing, IMG also moves for sanctions, contending that Plaintiff improperly disclosed information obtained from settlement discussions in its reply in support of its Third Motion to Amend. Mot. for Sanctions, ECF No. 85.

## II.    STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R.

---

which depict archived images of the players in OSU uniforms, with their last name on one side and the Honda logo across the bottom of the banner.

Civ. P. 15(a)(2). Nonetheless, "leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "[R]esolution of the question of joinder under Rule 19," resulting in "dismissal for failure to join an indispensable party under Rule 12(b)(7)," could likewise render an amendment futile. *See Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993) (internal citation omitted).

## III.  ANALYSIS

In this case, IMG argues that OSU is a necessary and indispensable party to the litigation, and, because OSU has been dismissed and not named in the PTAC, Plaintiff's third amendment would be futile under Rule 12(b)(7).[3]

Rule 12(b)(7) provides for dismissal for failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). Whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a).

---

[3] IMG also contends that the Proposed Third Amended Complaint fails to state a claim under Rule 12(b)(6). The Court will not address that independent reason for futility.

Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction.

Third, if joinder is not feasible because it will eliminate the court's ability to hear a case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (internal quotation marks and citations omitted) (emphasis in original). If the party is not necessary, no further analysis is required. *Local 670, United Rubber v. Int'l Union, United Rubber*, 822 F.2d 613, 618 (6th Cir. 1987).

## A. Step 1 – Is OSU a Required[4] Party?

As for the first step, Rule 19(a)(1) instructs that a required party is one where:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:

    (i)    as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

---

[4] The parties use the term "necessary" instead of "required" when discussing Rule 19(a). Much of the case law also uses the term "necessary." For purposes of this Opinion, "necessary" and "required" under Rule 19(a) are synonymous.

obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

IMG argues that OSU is a required party because (1) OSU has an interest that could, and likely would, be affected by any relief awarded to Plaintiff, and (2) any relief would be inadequate in OSU's absence. The Court agrees that OSU is a required party under both Rule 19(a)(1) provisions.

### 1. OSU has an interest in the subject matter of the action

IMG argues that OSU is required to be part of the lawsuit because it is party to a contract being challenged and has a strong interest in the matter being litigated. Here, it is undisputed that IMG and OSU have a contractual relationship. *See* University Multi-Media Rights Agreement, Ex. B to PSAC, ECF No. 29-3.[5] Under Rule 19(a)(1)(B), a party can be deemed "necessary" to litigation if it is a party to an agreement in dispute. *See Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995) ("the State of Kansas has an

---

[5] The Second Amended Complaint was never an operative complaint, rather, it was denied as moot in light of Plaintiff's motion to file a Third Amended Complaint. Unlike Plaintiff's other complaints, the Proposed Third Amended Complaint does not contain any contracts as attachments. However, the PTAC does reference the IMG-OSU Contract attached to the proposed Second Amended Complaint; thus, the Court will consider it in its analysis. *See Reilly v. Meffe*, 6 F. Supp. 3d 760, 769 (S.D. Ohio Mar. 19, 2014) ("A district court may, however, consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." (internal quotation marks omitted) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011))).

interest in the validity of a compact to which it is a party, and this interest would be directly affected by the relief that the Tribe seeks.")

Indeed, Plaintiff's PTAC explicitly relies on the IMG-OSU contract, *see* PTAC ¶¶ 19–21, ECF No. 62-1, and seemingly acknowledges that OSU's interest cannot be completely divorced from the allegations, despite OSU's removal as a defendant. *See id.* at ¶ 19 ("IMG pays OSU ~ $11,000,000 per year, under a 10 year revenue sharing deal (the 'IMG-OSU Contract')"). Nonetheless, Plaintiff argues that IMG "misses the mark" by arguing that OSU is necessary because "the rights at stake here are the Banner Players' rights, not OSU's." Third Mot. to Amend 5, ECF No. 75. Plaintiff states, without citation, that "OSU does not own, and does not claim to own, the Banner Players' NIL." Third Mot. to Amend 6, ECF No. 75. Plaintiff also argues that OSU has not made any claims about its own rights in this lawsuit or sought to prohibit litigation in its absence. *Id.*

Plaintiff's attempt to re-frame the issue by asserting that OSU does not or cannot have an interest in the Banner Players' NILs fails to persuade. Although Plaintiff may contend that OSU has no rights or interest in using the Banner Players' NILs, that is insufficient to show that OSU has no interest as a matter of law. Pl.'s Reply 5–6, ECF No. 75. This argument assumes that OSU has no legal authority or right to use the former players' images. While that may be Plaintiff's theory of the case, that issue is still in dispute. *See* OSU Mot. to Dismiss 20 n. 1, ECF No. 14 (reserving the right to argue that "the statutory

exemption from liability [applies], under Ohio Rev. Code 2741.09(A)(5)(b), for activities that are 'for the promotion of the institution of higher education and its educational or institutional objectives.'"); IMG Mot. to Dismiss 16–17, ECF No. 22 ("Under an express exemption, Spielman and the putative class members can have no cause of action under the Ohio Right of Publicity Act related to use of their likenesses by 'an institution of higher education . . . for the promotion of the institution of higher education and its educational or institutional objectives.' Rev. Code § 2741.09(A)(5)(b)" (emphasis removed)). Thus, Plaintiff's argument—that OSU cannot have an interest in the use of the Banner Players' NILs because it is "illegal"—is not yet decided as a matter of law. Moreover, it does not need to be decided at this juncture in order for OSU to have an interest. Instead, OSU needs only to have a purported interest in the issue before the Court. *See Davis v. United States*, 343 F.3d 1282, 1291 (10th Cir. 2003) ("Rule 19's concern is with a '*claimed* interest'. . . . [t]he underlying merits of the litigation are irrelevant to a Rule 19 inquiry, . . . at least unless the claimed interest is 'patently frivolous.'" (internal citations omitted)). To address the merits of the issue right now would risk enacting one of the very harms Rule 19 was created to avoid— litigation of an issue without all the necessary parties there to defend their positions. *See* 4 Moore's Federal Practice - Civil § 19.02 (2019) (explaining that the "risk of harm to the absentee's ability to protect its interest" is a prominent factor that courts consider).

Plaintiff is also incorrect that OSU has not indicated an interest in the

lawsuit. For example, OSU notes in its reply in support of its motion to dismiss the Amended Complaint that "Plaintiff clearly seeks to construe contracts to which Ohio State is a party . . . and also requests that this Court void provisions in such contracts. . . . [OSU] submits that contracts to which [it] is a party should not be construed, or voided, in an action where, as a matter of law, [OSU] cannot be a party." OSU Reply 6, ECF No. 44. That statement indicates OSU maintains an interest in the viability of its contracts. But in any event, Plaintiff's focus on OSU's failure to assert an interest is misplaced. The burden is on IMG to demonstrate OSU's necessity to the action. *See Thornton & Roshon Props. v. Taylor Bldg. Prods.*, No. 2:13-cv-309, 2013 U.S. Dist. LEXIS 170989, at *9 (S.D. Ohio Dec. 4, 2013) (citing *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)). Thus, any perceived failure on OSU's part to affirmatively assert its own necessity is not fatal, particularly in this case, OSU's briefing was focused on its immunity from suit under the Eleventh Amendment as well as Plaintiff's failure to state a claim under Rule 12(b)(6). Any failure to affirmatively assert an argument irrelevant to the elements of its defenses—in this case that it has an interest in using former football players' images—cannot serve as the primary factor upon which the Court makes its decision about OSU's necessity.

Indeed, Plaintiff acknowledges that IMG and the other proposed defendants used the Banner Players' NILs based on a contractual arrangement with OSU. It is difficult to say then that OSU does not have a strong interest in the ability to continue to use archived OSU player images in its marketing and

advertising, especially when the banners at issue were hung in OSU's stadium and depicted images of the players in OSU football uniforms.  *See* Complaint, ECF No. 7-1.

Accordingly, this Court finds that OSU's interest is directly tied to the claims in the PTAC and continued litigation in OSU's absence would, "as a practical matter impair or impede [OSU's] ability to protect that interest" in maintaining its use of the former players' NILs.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

### 2. Relief will be inadequate without OSU

Likewise, under Rule 19(a)(1)(A), absent OSU, Plaintiff cannot obtain complete relief.  This is apparent just by looking at the PTAC's prayer for relief which asks the Court to:

- Enter a permanent injunction against commercial marketing, sale, and use of the [sic] Mr. Spielman and the Banner Players' names, images, and likenesses with corporate sponsors and in for-profit dealings, confiscation and destruction of offending products; . . . [and]
- Issue a declaratory judgment declaring as void any agreements that purport to have caused Mr. Spielman and the Banner Players to relinquish rights to compensation for use of their names, images, and likenesses[.]

PTAC 25, ECF No. 62-1.

As evidenced by the relief sought, in addition to compensation from IMG for the alleged improper use of the Banner Players' NILs, the main relief Plaintiff seeks is to invalidate and enjoin the agreements that have purportedly interfered

with his and the Banner Players' rights. But such relief necessarily would require that OSU be a party to this litigation because it is party to the contract giving IMG the ability to market on its behalf and because it has an interest in litigating whether it can use former players' archived images, even if the use of said images has been licensed to IMG and other proposed defendants. Absent OSU as a party, any injunction would only prohibit IMG or the other proposed defendants from using the Banner Players' NIFs, but it would not stop the use all together. *See* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1613 (3d ed.) ("In cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, all parties to the contract probably will have a substantial interest in the outcome of the litigation and their joinder will be required.").

Plaintiff's arguments to the contrary do not alter the Court's conclusion. Plaintiff again tries to make the argument that if the IMG-OSU contract does permit the use of the players' NILs, it is void for illegality. Pl.'s Reply 8, ECF No. 75. For the reasons stated above, that argument fails.

Accordingly, the Court finds that OSU is a required party because complete relief cannot be awarded absent OSU and disposing of this action without OSU may impair or impede its ability to protect its interest in its contractual relationship with IMG, and its use of players' NILs.

## B. Step 2 – Is OSU Able to be Joined in this Litigation?

Having determined that OSU is a required party, the usual next step would be to determine whether OSU can be joined in this litigation. That determination

has already been made in this case, however. The Court has already found that OSU was immune from suit under the Eleventh Amendment and dismissed it as a party under Rule 12(b)(1). *See* Op. and Order 5, ECF No. 69.

## C. Step 3 – Should This Action Proceed without OSU?

Finally, the Court must determine "whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." Fed. R. Civ. P. 19(b). Factors to aid in this determination include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The inability to join a required party does not always result in dismissal. *Philippines v. Pimentel*, 553 U.S. 851, 862 (2008). Rather, the court must undergo a "case specific" analysis . . . based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing

interests" to determine whether a party is also indispensable to the litigation. *Id.* (internal citation omitted).

### 1. Prejudice

Under Rule 19(b)(1), the prejudice to an absent sovereign is a weighty factor. *See Pimentel*, 553 U.S. at 865. In *Pimentel*, the Supreme Court found that the lower court erred by allowing a case to proceed in the absence of a required foreign sovereign entity. *Id.* at 865–66. The Court found that the needs of comity and dignity weighed in favor of dismissal because the claims against the sovereign arose from historical events and the sovereign entities had "a unique interest in resolving the ownership of or claims to" certain assets and the use thereof. *Id.* at 866. Here too we have a sovereign entity that is necessary, dismissed from this lawsuit based upon its assertion of sovereign immunity, and has a purported interest in how its archived images are used.

Plaintiff acknowledges the inter-connection between OSU and IMG, despite attempts to omit OSU from the latest version of its Complaint. *See* PTAC, ECF No. 62-1. For example, he asserts that this case is about banners featuring former OSU football players' images, *id.* at ¶ 1; hung in OSU's football stadium, *id.* at ¶ 22; created by IMG as "the private marketing arm of OSU's athletics department," *id.* at ¶ 8; which came about through a multi-million-dollar contract between OSU and IMG, *id.* at ¶ 19. Thus, in as much as OSU is necessary to this case because the case involves its "private marketing arm's" actions, it is also likely to be prejudiced if the lawsuit continues because it

certainly has an interest in how the University is being marketed, including what images can or cannot be used in promotional materials by its marketing-contractors. "[P]recedent supports the proposition that a contracting party is the paradigm of an indispensable party." *Nat'l Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000) (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991)); *see also* 4 Moore's Federal Practice § 19.06[3] (3d ed. 2000) (noting that courts often "dismiss rather than proceed without co-obligees" under a contract when joinder is not feasible). This factor, then, weighs in favor of dismissal.

### 2. Avoiding or Lessening Prejudice

The second factor asks the court to consider whether the prejudice to the necessary party can be lessened or avoided through a tailored judgment. Fed. R. Civ. P. 19(b)(2). For the reasons addressed under 19(a)(1)(B), it appears that the judgment could not be tailored in such a way to avoid or substantially lessen the harm to OSU.

### 3. Adequate Judgment in OSU's Absence

Similarly, under the third factor, judgment could not be adequately rendered in OSU's absence. *See* Fed. R. Civ. P. 19(b)(3). Not to be confused with Rule 19(a)(1)(A)'s adequacy of relief to the Plaintiff, adequacy in this context "refers to the 'public stake in settling disputes by wholes, whenever possible.'" *Pimentel*, 553 U.S. at 870 (internal citation and quotation omitted). This factor is somewhat intermixed with the second factor, but both factors ultimately indicate

that OSU's and IMG's interests and actions are intertwined such that going forward in OSU's absence would "not further the public interest in settling the dispute as a whole." *Id.* at 870–71. The relief Plaintiff seeks would be inadequate and incomplete absent an injunction against OSU or an overhaul of the entire college football regime.[6]

### 4. Adequate Remedy in Another Forum

As to the fourth factor, Plaintiff argues that there are no other available forums in which to file this exact lawsuit. But even if Plaintiff is correct that dismissal will likely result in the inability to sue both OSU and IMG in the same forum, IMG contends that Plaintiff could still sue OSU in the Ohio Court of Claims, and that if needed, IMG can be added by OSU as a third-party defendant. IMG Resp. 16, ECF No. 73 (citing Ohio Rev. Code § 2743.02(E), which permits that "the state may file a third-party complaint or counterclaim in any civil action . . . that is filed in the court of claims.").

Indeed, Spielman has since brought suit in the Ohio Court of Claims and settled his personal claims with OSU. *See* Settlement Agreement, Case No. 2018-01468 in the Court of Claims of Ohio, Nov. 30, 2018. Spielman's

---

[6] The Court is aware of recent developments in the area of student-athlete compensation, including a recent decision by the NCAA Board of Governors to move towards allowing student athletes to benefit from their names, images, and likenesses. These developments do not affect the legal issues raised in this motion. If anything, this reinforces the Court's conclusion that OSU is a required and indispensable part of this litigation.

settlement, however, does not enjoin other Banner Players from seeking the same relief from OSU. To the extent this relief is no longer available, that was a strategic decision made by counsel to not litigate the other Banner Players' rights with OSU in the Court of Claims.

The Court is fully aware of the apparent inequities when sovereign immunity is raised. The Eleventh Circuit faced a similar issue and, although recognizing the inequity, also noted that when a sovereign "is entitled to and has invoked sovereign immunity, . . . we cannot ignore that it could suffer cognizable injury to its interests if the litigation here proceeds without it." *See Fla. Wildlife Fed'n Inc. v. United States Army Corps. of Eng'rs*, 859 F.3d 1306, 1320 (11th Cir. 2017). The lack of an adequate remedy then, although weighty, is not dispositive. *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1283–84 (10th Cir. 2012) (finding that even when no alternative forum existed, that fact, "while unsatisfying, does not preclude dismissal, particularly when viewed in light of the [party's] sovereign immunity and the first three Rule 19(b) factors." (internal citation and quotation marks omitted)). This factor weighs in favor of dismissal.

## IV. CONCLUSION

The Court is mindful that "[either] choice poses risks. If the [C]ourt proceeds, it invites the very harm that justified finding the absentee necessary in the first place . . . If the [C]ourt dismisses, it robs the plaintiff of its forum of choice, delaying or possibly denying vindication of plaintiff's rights." *See Stanley Elec. Co. v. Crawford Equip. & Eng'g Co.*, 249 F.R.D. 267, 276 (S.D. Ohio 2008)

(quoting Moore's § 19.05[1][a] at 19–80, 19–81). Nonetheless, weighing all the factors, the Court finds that OSU is a required and indispensable party to this lawsuit under Rule 19. Therefore, any amendment would be futile because dismissal of this lawsuit under Rule 12(b)(7) is required.

At bottom, despite the hyperbolic allegations in the PTAC, OSU is immune from suit in federal court under the Eleventh Amendment, as Plaintiff essentially conceded when he moved to dismiss OSU from the lawsuit for "misjoinder." *See* ECF No. 59. In OSU's absence, any relief awarded here would be incomplete and inadequate. The Court finds on balance that OSU is an indispensable party under Rule 19(b), and dismissal is therefore required.

Plaintiff's third motion to amend is **DENIED** on the grounds of futility. ECF No. 62. This means that the FAC remains the operative Complaint and that IMG's motion to dismiss, ECF No. 22, is reactivated. *See* Op. & Order, ECF No. 69. For the sake of judicial efficiency, and after reviewing and considering the briefing on IMG's motion to dismiss for failure to join a required party, both separately and as incorporated into its opposition to Plaintiff's third motion to amend, the Court **GRANTS** IMG's motion to dismiss. ECF No. 22. Plaintiff's motion for discovery, ECF No. 76, is **DENIED AS MOOT**.

Finally, the Court in its discretion declines to award sanctions to IMG for Plaintiff's counsel's purported misuse of mediation communications. *See* IMG Mot. for Sanctions, ECF No. 85. The statements in Plaintiff's briefing, including statements about other universities' banner programs, were not necessary or

relevant to the issue at hand; instead, they seemed to be focused on trying to discredit opposing counsel.  Nonetheless, the Court does not find that sanctions are warranted, in part, because at least some of the facts were generally available to the public, and it is not clear how Defendants were prejudiced by it.

Accordingly, the Clerk is **DIRECTED** to terminate ECF Nos. 62, 76, and 85 and enter final judgment in this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT